IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN BARDEN, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. _____ |
| DYNAMIC RECOVERY SOLUTIONS, LLC, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, the regulations proscribed thereunder, 47 C.F.R. § 64.1200, the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 et seq.,

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

-1-

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant DYNAMIC RECOVERY SOLUTIONS, LLC is a limited liability company organized under the laws of the State of South Carolina. [Hereinafter, said Defendant is referred to as "DRS"].

6. DRS is subject to the jurisdiction and venue of this Court.

7. DRS may be served by personal service upon its registered agent in the State of South Carolina, to wit: National Registered Agents, Inc., 2 Office Park Ct., Columbia, South Carolina 29223.

8. Alternatively, DRS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of South Carolina or Georgia.

## FACTS COMMON TO ALL CAUSES

9. Defendant uses the mails in its business.

10. Defendant uses telephone communications in its business.

11. The principle purpose of Defendant's business is the collection of debts.

12. Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

13. Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

14. DRS has attempted to collect a debt allegedly incurred by Plaintiff for personal, family or household purposes to a business not a party to this litigation.

15. Plaintiff is the regular user of cellular telephone services for telephone number (770) 905-3691.

16. DRS initiated telephone calls to (770) 905-3691.

17. The telephone calls were initiated in an attempt to collect a debt.

18. DRS uses a predictive dialer when making telephone calls.

19. DRS uses collection software that has the ability to predictively dial.

20. DRS' dialing system and collection software has the ability to store a database of telephone numbers.

21. DRS' dialing system and collection software has the ability to generate telephone numbers from a stored database.

22. DRS' dialing system and collection software can generate numbers from the stored database in a pre-determined order, whether set by a representative, an algorithm, or a combination of both.

23. DRS' dialing system has the ability to dial from a stored database of telephone numbers without human intervention.

24. DRS' dialing system has the ability to dial from a list of telephone numbers without a person having to physically dial each digit of a particular telephone number to place the call.

25. DRS used collection software which had the capacity to predictive dial when calling (770) 905-3691.

26. DRS' used an automatic telephone dialing system when calling (770) 905-3691.

27. The telephone calls to (770) 905-3691 were knowingly and willfully initiated.

28. The telephone calls to (770) 905-3691 were not initiated by accident or mistake.

29. It was the intent of DRS to initiate telephone calls to (770) 905-3691.

30. DRS has communicated with Plaintiff by voice mail when calling (770) 905-3691.

31. DRS did not identify itself, state the nature of its business, or the purpose of the call when leaving a message for Plaintiff seeking a return call.

32. DRS did not state that the communication was from a debt collector in its voice mail message.

33. DRS did not state that the purpose of the communication was an attempt to collect a debt in its voice mail message.

34. DRS did request that Plaintiff return a call to DRS.

35. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

36. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

37. Defendant's violations of the FDCPA include, but are not limited to, the following:

38. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

39. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

40. The failure to make the disclosures required by 15 U.S.C. § 1692e(11).

41. As a result of Defendant's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

42. The Defendant's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the following provisions: the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

43. As a result of Defendant's actions, Plaintiff is entitled to an award of actual, treble and exemplary damages, as well as an award of costs and attorney fees.

## COUNT THREE: TELEPHONE CONSUMER PROTECTION ACT

44. Defendant made and/or initiated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to a telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

45. As a result of Defendant's actions, Plaintiff is entitled to an award of damages of $500.00 for each such violation.

46. Defendant's violations of the TCPA were willful and knowing.

47. Plaintiff requests this court treble damages to $1,500.00 for such willful or knowing violations.

## COUNT FOUR: BAD FAITH ATTORNEYS FEES

48. Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense.  Plaintiff requests an award of the expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

## PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory, treble, actual, and exemplary damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee; and

c) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:  /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

page 9

-9-

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

Case 1:14-cv-03829-MHC-WEJ   Document 1   Filed 12/01/14   Page 9 of 9